Good morning, Council. Good morning. We have but one case today. It's number 20-2829, Southeastern Pennsylvania Transportation Authority v. Orrstown Financial Services, Inc. et al., and obviously Mr. Wilson and Mr. Matthews. And I have tended in my past career for 20 years to go overtime on oral arguments. So I've told my colleagues that if we go over, it will only be by a few minutes. So I promise it will be no more than 20 minutes per side as opposed to the usual whatever I do. So I lose, I think, a bet if I don't comply with what I said I would do. So go ahead, Mr. Wilson. Thank you, Your Honor, and good morning to all of Your Honors. May it please the Court, my name is Bradley Wilson from the Wachtell Lipton Law Firm. We represent the underwriter defendants in this case, but I'll be appearing today on behalf of all defendants. I reserve When was the first complaint filed? The initial complaint, Your Honor, was filed in 2012. I believe March of 2012. And that was within the repose period, right? That is correct. And when was the second amended complaint? Or I guess, was there a first amended complaint or a second amendment? The first amended complaint, Your Honor, was filed, I believe, in March of 2013, within a couple of weeks of the expiration of the first repose period that applies here. And when was the second amended complaint filed? I believe in 2015, Your Honor, I don't recall exactly when. And that was outside the repose period? That was outside the repose period, certainly for the Securities Act claims. As to certain claims under the Exchange Act, it was and it was not, depending on when the statements in question were made. But you didn't object to the second amended complaint as being outside the repose period in any way, did you? We didn't, Your Honor, I think for a couple of reasons. First of all, the Supreme Court had not at that time decided the CalPERS case, in which Justice Kennedy, I think, quite overwhelmingly made clear that the sort of statutes that we're dealing with here, in particular, the one that we are dealing with, Section 13 of the Securities Act, is a special kind of statute. And secondly, we were mindful of this court's decision in Brennan, which we interpreted as establishing that in circumstances where the court established a fixed time period, in which the plaintiff could conditionally seek to amend, that that would allow for the statute, the statutory, in that case, the statute of limitations to be extended for a period of time. And when was the third amended complaint filed? The plaintiff sought leave to file that complaint in April of 2019. And the court granted that motion and the complaint was filed pretty promptly thereafter in February of 2020. It looks to me as if the third amended complaint essentially tracks pretty, almost identically, the second amended complaint for the types of claims we're talking about here. It doesn't look like there's any entirely new claims. Is that correct? Well, certainly, Your Honor, there are no new causes of action. The plaintiffs did not invoke any different provisions of the federal securities laws in that third amended complaint. But I think we would disagree respectfully with the court as to whether the complaint was different. There were a number of new factual allegations included that had been garnered, according to plaintiffs in discovery, which my clients certainly were not a part of. Right. Mr. Wilson, let's break this down. There are no new defendants or plaintiffs in any of these complaints, at least vis-a-vis your clients, correct? That's correct. There are no new defendants. So it might be a different story for different defendants or different plaintiffs. There are no new causes of action, no new legal theories, at least since the first amended complaint, correct? Well, I think I would disagree that there are no new causes of action or legal theories, Judge challenge different disclosures. Some of the disclosures are the same, but there are new disclosures, in particular, in the offering documents that form the basis of the 33 Act claims. All right. But it's the same statutes. It's the same provisions of the statutes. It's the same kind of legal wrong. We can then have an argument about whether, you know, adding in another misrepresentation counts as a separate claim or not. But you're not alleging that there's a new statute or a new legal theory or something else. You're saying new factual predicates for invoking the same legal theories were added, correct? Yes, Your Honor. And in addition, I would point out that it's a new claim under the ordinary understanding of the term, which is how the Supreme Court has said we're supposed to look at that question. It's a new claim because a prior claim, the one that was asserted in the second amended complaint, take the Section 11 claim, for example, that claim was dismissed. It was not part of the case. And it's only under Rule 54B. That's what we're here to decide. I understand your position, but you can't take that as a postulate for the argument. That's what we got to conclude. So the question here is, it'd be a different case if there were new defendants or plaintiffs. It'd be a different case if there were a new statute, new provision of a statute, new legal theory. The question we have to decide today is, is it a new claim when it's the same legal theory applied to additional disclosures, additional facts, et cetera? Now, explain to me why we should treat it that way. Well, Your Honor, I think it's fairly grounded in the concept that a statute proposed extinguishes a cause of action when the time period expires. So the plaintiff... You're begging the question of what is the cause of action? You're begging the question because you've admitted that if it were the same cause of action, you know, under Rule 54, it's not over till it's over. It's not gone. So you got to explain to me why we should treat it as a new or different cause of action for limitations purposes, including reposed purposes. Well, there's no dispute, Your Honor, that if there were no other plaintiffs, excuse me, no other defendants in the case, the district court's decision in December of 2016 to dismiss the Second Amendment complaint, as to my clients, for example, would have been the end of the case. That would have been the end of the action and would have cut off the plaintiff's ability to amend again. The only way that the plaintiffs have argued that their claim survived for purposes of the question that you have asked is Rule 54B. And that implicates an entirely different set of analysis under the Rules Enabling Act. I'm not disputing that. I'm begging the question of whether that's appropriate. That is the gist of the argument today. But I want to make it clear what our position is. But let me ask you this question. When we ask you whether a plaintiff may relate new claims back to timely claims to avoid a statute of repose, Judge Bibas has just gone through the routine ways in which we think of new. Are you thinking of new claims differently? Because it can't be that a party would be limited to reasserting the exact same claim. Judge Greenaway, if I understand your question, the problem with the relation back concept here is that there's nothing to relate back to. Under, for example, this court's decision in Brennan, when the prior complaint, the claims in the prior complaint against our clients, for example, was dismissed, those claims were no longer part of the case. It was as if they had never been filed. So there's nothing to relate back to in that scenario. So right now you're taking the position that it just disappeared. And the problem is you're colliding headlong into Rule 54 and the way that the court dealt with this, which is, you know, I don't understand whether your argument there is based on that the judge didn't expressly say, hey, this is without prejudice. It's wittily to amend. Do you think that would be a different situation? Or is it even if a judge says those things, once there's a dismissal, it's gone and Rule 54 terms are trumped by the Rules Enabling Act or something? I think that our position is that there is nothing that establishes that something is final for purposes of Rule 54B, that that is coextensive of when a complaint, excuse me, a claim ends for purposes of a statute of repose. There's a very little precedent, but the precedent that there is says that, yeah, I mean, Rule 54 is treated as timeliness for appeal, is treated as timeliness for statute of limitations. There's no other rule other than 54 that discusses timeliness. Why should we adopt anything other than a consistent approach for timeliness for statute of limitations and appeals? It would be a very odd scheme that didn't say it expressly, but expected the parties to define that. Well, I respectfully disagree that it would be an odd scheme, Your Honor. And first of all, I would say that the only decision that the plaintiff has cited that establishes the proposition that you just articulated is the Fifth Circuit's decision in Crossland. It's not one. You've got zero, right? Correct, Your Honor. And I think that the reason for that is that people generally understand that for purposes of a statute of repose, the claim ends at a different time. What's your authority that they generally understand it that way? It's inherent in, for instance, the Supreme Court's guidance in CalPERS, which says we don't sanction interpretations of statute of repose that would allow for perpetual amendments. The Supreme Court's textuals about this, the wording of the statute of repose talks about the time within which the cause of action may be brought. Well, if it's the same claim, at least, it was brought within that time. The first amended complaint was brought within that dispute. I'd love to hear it, but I don't see anything between the first and the third that's factually different. I mean, that's legally different in terms of it's a new legal theory or anything else. I certainly don't between the second and the third, and you forfeited any objection to the second. So if you've got a factual dispute with that, tell me. Point me to some paragraphs of things. If you've got a legal dispute why you couldn't forfeit it, tell me. But I don't see how if it is the same claim that it wasn't brought within that time period. That's what the text says. Well, the text says you bring an action, but the statute's purpose is designed to... Oh, no, no, no, no. The Supreme Court doesn't focus on purpose to the extent of the text. We're in a textualist area here. Tell me what within the text of the statute tells us that we are supposed to treat it. No action shall be maintained. In no event shall any such action be brought to enforce a liability. That's 77M. So why wasn't this action brought within the time period if the first amended complaint was within the proposed period? Well, Your Honor, in CalPERS, the Supreme Court, in addition to the language you're quoting, made clear that an action is brought when a particular complaint is brought in a particular court. Now, granted, that was a different context, but I think the court's focus on particular complaint is important here because it acknowledges that a claim is different when it's filed in a different pleading as opposed to the earlier pleading, which in this circumstance was dismissed, as we've talked about. But in CalPERS, the Supreme Court basically said you can't extend the reposed period by tolling. That's not what we have here. Well, Judge Ambrose, I think we are, in a sense. We're tolling based on Rule 54B, which says the action does not end. But what if you look at this as a Rule 15 issue? Well, that's the way the district court looked at it. Understood. But do you look at this as Rule 54 or do you look at this as a Rule 15 issue? In terms of what, Your Honor? I just want to make sure I understand your question. In other words, how would you analyze this if you were the district court now? Would you look at this and somebody brought this before you, would you look at this as a Rule 54 issue or an amendment under Rule 15C? Well, Your Honor, I would look at this as, first of all, I don't think Rule 54B covered this question. That's a rule about the timing of appeals and complex actions. And I believe we've made clear that our position is that the plaintiff retains its right to appeal with respect to the second amendment complaint. But my question is not what your answer was. My question was, if you were the judge, the district judge here, would you look at this as a Rule 54 issue or a Rule 15C issue? Your Honor, I think we would look at this as a question of whether it's a new claim or not. I think I would view that as if I were the district court. Is it under Rule 15 or Rule 54? Well, I don't think it's Rule 54, so I guess I would have to, in that circumstance, say Rule 15 if those are the only two choices that the court is giving me. Well, I mean, what other choices do you have in terms of what rule to look at? Well, if you analyze it under Rule 15, well, first of all, I actually do think it should be one of the issues that we have with the district court, which is not before the court today, is that the court looked at this as a free amendment under Rule 15, when in fact, if anything, it should have been a motion for reconsideration under Rule 54. But under the Rule 15 analysis, I think there would be prejudice, per se, or futility, per se, in this circumstance, because it is a new claim, and our position is. And I think we would, if I were the district court, and I'm getting to make that decision, I would find that the complaint— How do you define new claim? You just said it would be a new claim. How do you define new claim? Judge Bevis has been through this with you, and you still haven't answered to me. What is new? Is your position that any complaint would be new for purposes of the statute of repose on the one hand and Rule 15 on the other? Well, I think our position, Judge Greenaway, is that if there is not a claim pending at the time that the amendment is sought to be filed, then it is a new claim. So then, if that's true, then it would always be a new claim, right? The only reason that someone would be repleading is because there was a motion to dismiss that was granted. I mean, there could be odd circumstances in which, of your own accord, you would ask for an opportunity to replead, but that would mean that you would never have this sort of situation, because you'd always argue it's new, so you'd always be subject to the statute of repose in this kind of circumstance, and that can't be if it's the same parties, the same claims. Well, first of all, I think you could imagine a scenario where a party sees a motion to dismiss and then says, oh, we're going to address that deficiency before we're dismissed. We're going to amend, and that would not be a new claim. I think, as we said in the reply brief, at the most, Judge Greenaway, what should be permitted is a circumstance like what happened with the second amended complaint, where the court says, okay, I'm going to give you 30 days to file a motion for leave to amend. That, at a minimum, establishes a period of time in which this issue of whether the amendment will happen or not can be resolved. The alternative is, as we've seen in this case, two and a half years go by. The plaintiffs take discovery. Our clients and the auditors and other defendants are out of the case, and then the plaintiffs come back and say, okay, we'd like to try again. We have new factional allegations. We have new disclosures that we want to challenge, and we're bringing a complaint based on those theories. It is the same causes of action, but we submit that first. So, help me to understand whether there are one or two strings to the bow of your argument. One of them is, once it's dismissed, it's dismissed. That runs into the difficulty Judge Greenaway just outlined, which is the normal course is, it's dismissed, and then someone repleads, and then you do this footwork about, well, but you give someone 30 days, so it's still contemplated, and that's a little different. I understand the logic, whether we agree with it or not. The second is, let's say that it hasn't been dismissed yet. If a complaint comes along and it adds specificity, it adds facts, it clarifies these are the representations, this is what was said, this is why it was fraudulent and misleading. If it doesn't have that problem being dismissed under the first string of your argument, is it a problem to add a bunch of paragraphs to a complaint that add specific facts? They clarify, they say there are these additional statements, and these are additional reasons why they were misleading. And the question Judge Beavis assumes that their prior complaint was still pending at the time. Let's assume the first of your arguments about dismissal and a gap isn't present. Let's assume that it was repleted beforehand, and then the defendant raises a statute of repose argument and says, hey, you've added a bunch of specific facts. You've added a whole bunch of clarification here. This is beyond the statute of repose. You're confined to what you already pleaded, the specific facts. So is that a statute of repose problem or not? No, I don't think so, because it would be the same claim. It would just be further specificity on it. Even adding a bunch of facts, you could add 300 paragraphs of facts, and it wouldn't be a statute of repose problem. I think adding facts does not create a new claim. I do think, although this isn't before the court, if you added a different paragraph, for example, of the offering documents and said this statement, which we didn't challenge before, is misleading, that would be a new claim. That's not in this case. So that's how I read page nine, footnote nine of your supplemental brief. So I think now you're not contesting that adding these new facts or statements based on the same paragraphs of the offering documents is preserved. Your whole argument then boils down to if a court once enters a dismissal, then it's speak now or forever hold your peace. There's a gap in time. Oops, you had repose for that period. It can't be undone. And I'm trying to understand why we should read the Rules Enabling Act as preventing Rule 54 from, in essence, treating that dismissal as conditional or in suspense until the entire case is over with, unless the judge comes out and says it as a matter of boilerplate in every issue. I'm trying to understand why this gap has to be understood as giving you repose against this, rather than, hey, the default is this should be read as not giving you repose because the whole case isn't over. Well, Congress didn't anticipate, Your Honor, the situation we find ourselves in. As we lay out our brief, at the time the statute of repose under Section 13 was enacted, the Congress was faced with a scenario where it was very difficult to have multiple claims in multiple parties. So this is an argument about the rule amendment coming along later, and it would enlarge substantive rights. And I think your friend on the other side would say, oh, but there's only an incidental enlargement. Yeah, I think it's the opposite of incidental as virtually every court that has looked at this question has held. If you accept that it's a new claim, which I recognize is something we have to satisfy the court that it is, but if you accept that it is a new claim, in a scenario in which if there had been no other defendants in the case and no other claims, there is no dispute that we would have been entitled to repose. They would not have been permitted to amend. Let's talk about our own definition of a new claim. And I understand you're going to say CalPERS came along later, but let's start with the Third Circuit's precedent here. We look at Thomas and Bensel. And Bensel tells us, you know, if it just restates the original claim with greater particularity, it's not new. If we amplify the factual circumstances surrounding the claim, it's not new. So this would have to be about statutes of, not that it violates those doctrines, I don't think you're saying. I think you're just saying CalPERS and CTS come along and they just kind of change the landscape in the Third Circuit and we have to kind of back away from where Thomas and Bensel were pointing us. Is that right? I think that's right. When you're dealing with a statute of repose, it's a different ballgame. And the claim is extinguished. And by claim, I mean a new attempt to plead out a cause of action under an existing statute. You have a set amount of time, because here the Congress said it's three years for my clients, and the plaintiff had multiple attempts to amend their complaint. They didn't succeed, even after the court gave them leave outside of the repose period. I want to understand your point. So that means any articulation in a complaint would be new. You put clarification and amplification to the side, and you say anything that was different from the prior complaint is new for these purposes. In a circumstance, Your Honor, where the prior complaint and the claims had been dismissed, yes, any attempt to amend the complaint at this point would be barred. Would be, okay. So any attempt is new. So any attempt would automatically fall within the ambit of the statute of repose. Well, I just want to be clear. We're in a circumstance in which there was no claim against that defendant under the relevant statutory provision pending. That's what I understand to be your question. Okay. All right. How much time did you wish to reserve for rebuttal? Oh, I don't know if I got it on the record at the outset, but it was four minutes. All right. We'll give you four minutes. I've already gone way past. We're at 20, 21 minutes. So let's hear from Mr. Matthews, and we'll get you back. Thank you, Your Honor. Thank you, Your Honor. Good morning. May it please the court, Tim Matthews from the law firm of Chimicles, Schwartz, Kreiner, and Donaldson-Smith on behalf of the plaintiff, Apelli Septa. And let me just ask you at the outset, you argue that the relation back doctrine at 15C doesn't apply here when we ask you to submit something supplementary. But doesn't the third, why doesn't it apply here? Well, Your Honor, most, I shouldn't say most, many courts that have addressed this issue believe they didn't need to go any further than Rule 54B. And the reason for that is the statute of repose here has been fully satisfied. The claims were brought within the statute of repose. No one disputes that. Judge Kane, the district court judge, said that the third amended complaint asserted the same claims against the same parties in the same action as had already been timely brought. And so the statute of repose is fully satisfied. The defendants are saying that the judge's partial dismissal order ended the claims that had been dismissed, notwithstanding the plain language of Rule 54B. And the courts that have addressed this have generally said, no, those claims never ended, and therefore we don't need to go any further. It's the same claims against the same parties being reasserted. However, even under- Your supplemental filing relied on the Fifth Circuit's opinion in Crossley to hold that 15C doesn't apply. And you want us to adopt that approach. But how do we do so in light of, it's what appears to be a conflict with Bensel, that 15C applies when an amended complaint merely adds new facts or amplifies an existing pleading. And Bensel is a case that you cite. Yes. And so, Your Honors, I think that you're correct, that the next step is then looking at this under 15C. But once again, under 15C, it's a slam dunk, because no court has ever held that a complaint that merely, an amendment that merely adds additional factual particularity to timely asserted claims cannot relate back without violating the statute of repose or the Rules Enabling Act. And so we cite a number of cases on that point. Of course, the Eastern District of Virginia's decision in the Carter v. Halliburton case is a good example. And when it comes to relation back, the courts have not adopted a blanket rule, because not all amendments are the same. And so not all amendments will step on the toes of a statute of repose. So the courts that looked at factual particularity, like what we have here, where we're asserting the exact same claims with additional facts, have said that there's no imposition on the right of repose. That was the Carter case in the Eastern District of Virginia, which Moore's federal practice has endorsed. In re direction shares, Southern District of New York came to the same conclusion. And I think actually, the In re sharps run case, and that one, Judge Irenas struck the right balance, I think. And there he said, the question is whether relating back a new pleading would truly disturb a right of repose. And he said, where the defendants are aware of the exact nature and scope of the claims that were timely asserted against them, they have neither the reality nor the expectation of repose. Yeah, but CalPERS takes us away from the notice issues. So I'm not sure that that cite to Judge Irenas is particularly persuasive, given that. Well, CalPERS is a totally different case and actually has no application here. So CalPERS, first of all, what happened there is a plaintiff was seeking to toll his own claim based on somebody else's complaint. It was a separate action. He was basically trying to piggyback on somebody else's timely complaint. And the Supreme Court said, no, you can't do that. And second, CalPERS concerned equitable tolling. Rule 15 is not an equitable doctrine. And actually, if you look at the CalPERS decision, the Supreme Court expressly distinguishes federal statutes and rules. It's at 137 Supreme Court 2051 through 2052. They say nothing in American pipe suggests that the tolling rule it created was mandated by a statute or federal rule. So the Supreme Court is distinguishing between the equitable doctrine that was being addressed in CalPERS, which has nothing to do here with rules created by statutes or federal rules. Let me ask you a question that your colleague brought up through our questioning. First, based on our question to you all with regard to your supplemental briefing, what's your understanding of new in this context? Well, it's an interesting question, and it's a line that hasn't been clearly drawn yet. We know that amendments that merely add specificity or factual particularity aren't new claims. We know that there are cases that say when you try to add an entirely new claim or entirely new defendant, that that is barred by the statute of repose. But then you have these cases in the middle where courts have allowed new claims or new parties. And generally, they do so when doing so would not substantially change the nature of the action and where the wrongful conduct was already alleged. So for example, the Cosby versus KPMG case, there a section 11 claim was allowed to relate back because it arose out of the same offering documents. And the court made a determination there that the substance hadn't significantly changed. The ground didn't shift. In Rehbosky was a similar situation. Well, except I think when you talk about adding parties, I get nervous because a defendant who wasn't in the suit before had a complete expectation of repose. The action hadn't been brought against that defendant until that time. Or if you're talking about adding a plaintiff, the defendant at the time the action is brought within the statute of repose expects I'm at most liable to be three parties. Well, you're going to piggyback another 25 plaintiffs. That's a big increase in your exposure. You might have expected to insure against it or establish reserves. So I think the weakest claim for you is when you're adding parties on either side. That really does change expected exposure. Sure. And the point I was trying to make is in this case, we don't have to decide where to draw that line because it is so clearly on the side of merely adding factual particularity. As Judge Kane held, it's the same claim, same defendant, same action. There are cases that fall in that middle ground. And my point is simply this isn't the case where you need to draw that line because it's so clearly on the side of right. We are not adding a new party. We're not adding a new defendant. And I think as even defense counsel admitted that adding new facts is not adding new claim. So what you have here is the defendants are essentially trying to create a loophole. They're trying to say, OK, well, even though the appeal is finally brought, so we've met the standard of the statute of repose, and even though they admit that it can be revived on appeal, they say you can appeal this, which means three years from now, after we go through trial, if we win an appeal of the dismissal, they're right back in the case again. So they don't have any repose on the back end either. But they're trying to say that we get this loophole of repose in the middle. The fact is there's no such thing as an order that's final but not appealable. There's no partial finality. 28 U.S.C. 1291 says that the courts of appeal have jurisdiction of appeals from all final decisions of the district courts. Let me ask you a question slightly off that point. When we talk about relation back as and rule 15, are you relating back the third amended complaint to the first or the second? Because the second, obviously, your adversary has pointed out, might raise some issues if we choose to adhere to the statute of repose. I'm not sure I understand the premise of the back half of your question, but to answer your question, what does the third amended complaint relate back to? Yeah, the third amended complaint relates back to when we made the claims, when we brought the claims, which was within the statute of repose. The original complaint brought certain claims against certain defendants. The first amended complaint, which was also within the statute of repose, brought all of the claims against all of the defendants. So the first amended complaint is when we brought all of the claims at issue here. And as mentioned, that was within the so you're relating back to the first amended claim, not the second. Are you making the argument that with regard to the second and the statute of repose that there is a forfeiture argument or no? I'm sorry. I'm not sure I understand your question. Well, I can try to answer, but I'm not sure I understand. If you're you're you're relating back to the first amended complaint. Yes. Fine. I'm good. Yes. And Judge Kane held that the third amended complaint asserts the same claims against the same parties as the first amended complaint. Of course, the second amended complaint also related back to the first of Mr. Wilson argues with some force that you're alleging a bunch of additional statements that violated the Securities Act or Exchange Act here. Why shouldn't we treat those as new claims, even if they're founded on the same statute or the same section of an offering document? Well, for one, that wasn't actually raised in this appeal. And in the interest of full disclosure, I will tell you that in the district court below, there's a motion to dismiss pending where the defendants have made those arguments. They've made the argument to Judge Kane that, well, this particular alleged false statement that we quote in the third amended complaint hadn't been quoted earlier. And so therefore, that should be precluded. Judge Kane hasn't ruled on those issues yet. And the issue presented in this court and briefed in this court is really a pure legal issue. So while this court may have jurisdiction to decide that, I would suggest that it would be best to let Judge Kane decide the particular issues below before that becomes an issue here. Just a, I'll ask this question of your opposing counsel. And no one's made the declaration as one way or the other. Are statutes of repose jurisdictional? And I'm sorry, were you asking me or Mr. Wilson that question? You, you. Are statutes of repose jurisdictional? Well, in this particular case, the statute of repose says no action may be brought after the relevant time period. So if you haven't brought it a substantive right issue, in other words, if it's jurisdictional, it can't be waived. But if it's a substantive right, for example, it could be forfeited or waived, right? That's correct, Your Honor. And what defendants are arguing here is that it creates a substantive right. I don't believe they've taken the position that it's a jurisdictional issue at all. And I would note that, you know, what the statute of repose says is that an action can't be brought within this time period. And again, we fully complied with that. There was no failure to comply with the statute of repose here at all. Is there any circumstance in which the statute of repose would not act as a complete or absolute bar to amendment? Well, the circumstances here, I would suggest the statute of repose is not a bar to amendment. Well, that's only if we determine that the statute of repose isn't applicable. Actually, I believe the statute of repose is applicable. It's just been met. And this goes to the issue of whether the statute of repose conflicts with Rule 54B under the Rules Enabling Act. So the statute of repose says when you have to bring an action, that's it. It doesn't say what constitutes bringing an action. That's Rule 3 of the Federal Rules of Civil Procedure. It also doesn't say what constitutes an end to an action. That's Rule 54B of the Rules of Civil Procedure. There's this strangeness because the text of the statute refers to the claims. It's not enough that the action is in the door. You can't use that as the foot in the door to get everything else in. So we've got this non-textual requirement that we look more specifically at what's been brought than just, hey, there's an action on the table here. So how specific or granular are we supposed to be? Mr. Wilson's position is, my clients, they were entitled to repose. It's over. It's done with. And you're smuggling 300 paragraphs of new stuff in. Why is that not violative of this purpose of repose, which goes beyond the action language in the text itself? And again, I hearken back to Judge Kane's conclusion, which is this third amended complaint brought the same claim as the first amended complaint. Now, Your Honor is getting at a distinction that in this case makes no difference. It doesn't matter whether you're talking about the action, the cause of action, the private right of action, the claim. The claim would be the narrowest of those things. And here, the judge said, it's the same claim. And in fact, what we're talking about, just to get into the granular details a tiny bit, the first amended complaint alleged that the company had internal control failures, which resulted in false financial statements and other material misleading statements in its SEC filings. Judge Kane said, you've adequately alleged those internal control failures beginning second quarter 2010 and going forward to the end of the class period. But she said, you haven't given me enough facts to show that those internal control failures existed in the first quarter of 2010, including literally just days before the second quarter began at the end of March when they conducted this offering. So we've alleged that they had these internal control failures during the entire time. She said, you just didn't give me enough facts to raise an inference that they actually existed just days before. So the defendants here knew that, first of all, the dismissal order was not final and could be modified at any time. They knew that the claims going forward were based on what I should say is the causes of action. The statutory claims going forward were based on the exact same facts as the ones that had been dismissed. The difference was a matter of days in the facts that discovery was about to begin, that we are entitled to seek leave to amend. They had no judgment. And in those situations, in that particular situation, there was no reasonable expectation of repose, much less a vested right of repose. It simply just did not exist. I believe I've gone over my time, but if you're on. Do my colleagues have any further questions? No, I'm good. Thank you so much. Thank you, Judge Bevis. Okay, thank you very much. And we'll hear back from Mr. Wilson on rebuttal. Thank you, Your Honor. Briefly, my friend on the other side says that we're trying to create a loophole here. It's respectfully the other way around. The statutes that we're talking about extinguish claims once the statutory time period. Would you say there are substantive right or are they jurisdictional? I think they're both, Your Honor. I think the statute. If it's a substantive right, it can be forfeited or waived. The jurisdictional thing can't. So which is it? Well, Your Honor, I think it's jurisdictional, given the language of the statute. But you never made that argument, did you? No, Your Honor, we didn't. But it is clearly a substantive right. I don't think anyone is disputing that. And I understand the reason that you're raising it. But I think if what you're implying is that we've waived the right to raise the statute proposed with respect to the second amended complaint, that may be true. But I don't think we waived it, certainly, with respect to the third amended complaint. But if the third amended complaint is essentially the same on these points, in terms of adding new facts, or basically parroting what was in the second amended complaint, what's the harm? Well, the harm is substantial, Your Honor. First of all, the second amended complaint was filed with a condition, was dismissed with a condition allowing for reinstatement, the first amendment complaint, excuse me, which led into the second amended complaint. That's why we didn't make the argument at that time. Maybe that was correct. Maybe it was not correct. But clearly, the circumstances presented here create an entirely different... But if the second relates back to the first, and that's okay, then the third, which essentially parrots the second, why would that also not relate back to the first, because it's on the back of the second? The difference, Your Honor, is that there was no back end put on it by the district court's order dismissing the second amended complaint. The plaintiffs were not given an opportunity to amend their complaint. Instead, let us out of the case, more or less. We were served with non-party discovery. We didn't participate in the case for two and a half years. We had no role in building the discovery record. And then the plaintiff came back out of left field and said, actually, we're bringing you back into the case two and a half years later. There's no limiting principle. Let me ask you this question. If this were a 10B case in which fraud with particularity is at the heart of it, would it be unusual for discovery to occur and the party learns more about the goings on with regard to the fraud and then re-pleads? And in that circumstance, would your position be the same? Yes, Your Honor. In fact, we do have Exchange Act claims here that are at issue on this appeal. I would say that this raises a point I was intending to make, which is that the implications of the rule the plaintiff is sponsoring would be that every plaintiff would have an incentive to join as many claims as possible, including claims subject to the heightened pleading standards of the Private Securities Litigation Reform Act and hope that they could at least sustain one claim, even maybe not a securities law claim, and then discover their into a claim down the road, four, five, six, ten years later. That is really an end run around the PSLRA we would submit. I would also just point out that to the extent that it's been argued by opposing counsel that the statute of repose only focused on the date the claim is brought, not the date the claim is ended, I think that's respectfully backwards. The Supreme Court and this court have made clear over and over again that what the statutes of repose are focused on is bringing an end to an interminable threat of liability on behalf of the defendants. It brings down the gavel on the time period for bringing new claims. So the entire purpose of the statute is to set an end date, a fixed end date, that's set by Congress. And this particular case points up the bad policy that would flow from the rule set that is sponsoring. There is no reason why, even if the district court, if this court were to affirm the decision allowing the third amended complaint, and Judge Kane agrees with us that that complaint too is subject to dismissal, there's nothing stopping these plaintiffs from coming back a fourth, fifth, sixth, seventh time. It just is unending. Now the argument's been made by the other side that we have discretionary options under Rule 15 to oppose amendments or we could seek Rule 54B certification and take an appeal. Those are discretionary. They're no replacement for the certainty and the fixed time bar that Congress intended to create with respect to these statutes. All right. Thank you very much. Do my colleagues have any further questions? No, thank you. No, thank you. Thank you to both for not only being with us today, but for your briefing. I would ask that TransCIP be prepared of this oral argument and that counsel split the cost. Again, a pleasure having you with us.